# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DAVID E. WHITE, JR.
30 Ridgecrest Drive
Milton, NY 12547,

      Plaintiff,

      vs.

UNITED STATES OF AMERICA,
By and through the following:

US Department of Veteran's Affairs
Attn: Mr. Robert A. McDonald
810 Vermont Ave NW
Washington, DC, US 20420

US Department of Justice
Attn: Ms. Loretta E. Lynch, US Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

US Attorney's Office
Attn: Mr. Channing D. Phillips, US Attorney
555 4th Street, NW
Washington, DC 20530

US Department of Defense
Attn: Mr. Ashton B. Carter
1400 Defense Pentagon
Washington, DC 20301-1400

      Defendant.

---

Plaintiff David E. White, Jr., by and through his undersigned attorneys, for his complaint herein, alleges as follows:

## I. INTRODUCTION

1. This is an action for judicial review of an improper administrative denial of disability benefits by the United States Army to Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereafter "TSGLI").

## II. JURISDICTION

2. Jurisdiction in this action is predicated upon 38 USC § 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

## III. VENUE

3. Venue for this action is predicated upon a denial of TSGLI benefits to Plaintiff by the United States Department of the Army. The Department of the Army is one of the three Military Departments within the Department of Defense of the United States of America, an executive branch department of the federal government of the United States, under the control of the President of the United States of America as a part of the executive branch of the federal government, which is seated in the District of Columbia.

## IV. FACTUAL ALLEGATIONS

4. All allegations contained in the previous paragraphs are incorporated herein by reference.

5. The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider to the SGLI policy that provides a payment to service members injured as a result of a traumatic event.

6. TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred.

7. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

8. For service members who suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the nature and severity of the qualifying loss.

9. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased.

10. All service members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for a TSGLI payment.

13. Losses must meet a TSGLI standard in order to be eligible for a benefit payment. There are nine categories of losses covered as follows:

1) Sensory losses

2) Burns

3) Paralysis

4) Amputation

5) Limb Salvage

6) Facial Reconstruction

7) Activities of Daily Living (ADL)

8) Inpatient Hospitalization

9) Coma/Traumatic Brain Injury combined with another injury

14. If a service member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets one or more of the TSGLI criteria stated above.

15. Additionally, a service member may furnish other documentary evidence in support of their claim, including medical records, reports, and written statements of caregivers who assisted the service member during the recovery from their injuries.

16. TSGLI claims are to be awarded when the preponderance of evidence supports the service member's claim.

### a. Plaintiff's Traumatic Injury and TSGLI Claim

17. All allegations contained in the previous paragraphs are incorporated herein by reference.

18. At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a service member of the United States Army.

19. Plaintiff sustained serious traumatic injuries in Afghanistan during combat operations on March 2, 2012, when an insurgent detonated a suicide bomb.

20. As a result of his combat injuries, Plaintiff sustained an open fracture of his right humerus, edema, and adjustment disorder. Plaintiff required multiple surgical interventions to repair his injuries. As a result of his injuries, Plaintiff was reasonably prevented from safely performing several activities of daily living (ADLs) including bathing and dressing between

March 2, 2012 and June 8, 2012 (*a period of 98 days*). During that period, Plaintiff received assistance from his mother, who took a leave of absence to help Plaintiff, and who provided an affidavit in support of Plaintiff's claim.

### b. Certification by a Medical Professional

21. All allegations contained in the previous paragraphs are incorporated herein by reference.

22. In Plaintiff's case, a medical professional, Dr. Dennis Hopkins, certified Plaintiff's individual claim for an inability to independently perform ADLs of bathing and dressing during his recovery from March 2, 2012 and June 8, 2012 – a period of over 90 days – through a signed Part B form, qualifying Plaintiff for TSGLI benefits for a 90 day ADL loss.

22. On or about April 17, 2013, Plaintiff submitted his application for TSGLI benefits, including the signed Part B form provided by Dr. Dennis Hopkins, and other pertinent medical and documentary evidence.

### c. Caregiver Statement – Affidavit of Kathleen White

23. All allegations contained in the previous paragraphs are incorporated herein by reference.

24. In addition to the other information supplied to Defendant during the Plaintiff's application for TSGLI benefits and during the appeal process, Plaintiff provided the Affidavit of Kathleen White, Plaintiff's mother, which outlined the physical assistance Plaintiff needed following his traumatic injury. Ms. White provided that assistance to Plaintiff during the period of time between March 30, 2012 and August 6, 2012 as he recovered from his traumatic injuries. Defendant effectively ignored Ms. White's Affidavit in its ultimate determination to uphold a denial of Plaintiff's meritorious TSGLI claim.

### d. Denial of Claim and Exhaustion of Administrative Appeals

25. All allegations contained in the previous paragraphs are incorporated herein by reference.

26. Plaintiff has received four separate denials of his TSGLI claim by Defendant during the application and years-long administrative agency review process, commencing with his original request for reconsideration dated August 13, 2013.

27. In a letter from Defendant dated February 20, 2013 in response to Plaintiff's application for TSGLI benefits, Plaintiff's claim was denied on the basis that, "You were previously awarded $25,000 benefit for 15 days of hospitalization due to other traumatic injuries. Payment for the loss of activities of daily living due to other traumatic injuries for 30 days was not approved as payment for this loss cannot be made in combination with other losses paid."

28. Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated October 22, 2013, indicating that, "You have been previously awarded $25,000 for Hospitalization for your event which took place on 2 March 2012, in Afghanistan. The medical documentation submitted did not indicate you were incapable of performing the ADLs of dressing, or bathing for greater than 30 days. The next milestone required for additional payment, per TSGLI guidelines, is 60 consecutive days or greater. If the Soldier is able to perform the activity by the use of accommodating equipment/adaptive, then the Solider is considered able to independently perform the activity."

29. Plaintiff appealed the denial, and his claim was again denied in a letter from Defendant dated June 25, 2014, indicating that, "You were previously paid for hospitalization for this claim. In order to receive additional payment, documentation must indicate losses of two or more activities of daily living for 60 or more days. Documents indicate you were able to

compensate for the temporary loss of the use of your right arm by using your unaffected arm to perform most activities within 60 days of your injury. Documents indicate you needed assistance with bathing only at the 60 day milestone."

30.   Plaintiff appealed his claim to Defendant through the Army Board for Correction of Military Records. In a letter dated March 15, 2016, Defendant again denied Plaintiff's claim on the basis that, "Neither the applicant nor his counsel has provided sufficient documentation to support their contention that the applicant was unable to perform at least two ADLs independently beyond the 30-day milestone. The injury pattern appears to be consistent with up to 30 days of ADL loss. In view of the foregoing, there is no basis for granting the requested relief."

31.   Plaintiff subsequently exhausted the administrative appeals available to him, with a denial at each level of appeal.

32.   Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law.

33.   Further, in this case Defendant's denial of Plaintiff's claim runs contrary to the preponderance of the evidence, or is otherwise unsupported by substantial evidence.

34.   Defendant has denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documentation does not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, and such denial is in direct opposition to the opinion of a certifying medical professional who reviewed the same medical records. Defendant also ignored the Affidavit of Kathleen White which corroborated Plaintiff's ADL loss claim.

35. Defendant did not explain its decision based on the evidence, or justify why the preponderance of the evidence did not support Plaintiff's eligibility for TSGLI benefits; give any reasons why the certifying medical professional's certification was not persuasive or credible; address or explain why the Affidavit of Ms. White attesting to her observations and provision of assistance to Plaintiff during his recovery was not persuasive or credible; or provide reasonable or substantial evidence or credible, rebuttable adverse medical opinions contradicting Plaintiff's claim for TSGLI benefits. The preponderance of the evidence supports Plaintiff's claim for TSGLI benefits.

36. Defendant failed to approve Plaintiff's claim for benefits even though the Plaintiff meets the contractual and legal criteria for a payment of TSGLI benefits of $75,000 for his inability to safely bathe and dress for a period of over 90 days without assistance.

37. Defendant violated the relevant statutes and its own guidelines by denying Plaintiff's claim, and did not reasonably or adequately advise Plaintiff of the bases for denial, including provision of loss codes.

38. Plaintiff has thereby suffered an unwarranted denial of TSGLI benefits by Defendant, which are due under the TSGLI program.

## CLAIMS FOR RELIEF

39. All allegations contained in the previous paragraphs are incorporated herein by reference.

40. Plaintiff herewith requests judicial review and reversal of Defendant's denial of his claim for TSGLI benefits, based, *inter alia,* upon Defendant's

   a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

b. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

c. inclusion of additional unauthorized criteria for TSGLI claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. an order overriding Defendant's wrongful denial of TSLGI benefits to Plaintiff, with remand and instruction to find consistent with the Court's order, outlining the benefit eligibility/entitlement of Plaintiff under the TSGLI program based on the evidence in the record, and to do so within a specified deadline so as to prevent unjust delay or timely compliance with the Court's order;

b. an award of interest, costs and attorneys' fees as provided by statute;

c. an award of attorneys' fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d. such other relief as the Court deems just and proper.

Dated: December 23, 2016

Respectfully submitted,

Jake R. Jagdfeld (#MN0002)
(MN License #0388549)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
jjagdfeld@johnsonbecker.com
Telephone: (612) 436-1810
Facsimile: (612) 436-1801

Attorneys for Plaintiff